IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MOUNTAIN CREST SRL, LLC,

                                                    ORDER

            Plaintiff,

                                                    13-cv-160-bbc

    v.

GILA BREW CO., LLC and
TOM MAHLKE,

            Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Defendants Gila Brew Co., LLC and Tom Mahlke removed this breach of contract case from the Circuit Court for Green County, Wisconsin under 28 U.S.C. §§ 1441 and 1446, relying on 28 U.S.C. § 1332 as a basis for jurisdiction. That statute requires complete diversity of citizenship between the parties and an amount in controversy greater than $75,000. Plaintiff's complaint and defendants' notice of removal contain allegations sufficient to satisfy the amount in controversy requirement. Dkt. #1 at ¶ 8. Unfortunately, defendants have not alleged facts sufficient to show that the parties' citizenship is completely diverse. Defendants' allegations regarding citizenship are deficient with respect to all parties.

With respect to the limited liability companies, defendants allege that plaintiff Mountain Crest SRL, LLC is "a limited liability company organized under the laws of the Country of Barbados with principal place of business located in the State of Wisconsin," dkt. #1 at ¶ 5, and Gila Brew Co., LLC is "a limited liability company organized under the laws

1

of the State of Delaware with its principal place of business located in the State of Georgia." Id. at ¶6.  However, the citizenship of a limited liability company is the citizenship of each of its members, not the state in which it was organized or the location of its principal place of business.  Thomas v. Guardsmark, LLC, 487 F.3d 531, 534 (7th Cir. 2007) ("an LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well").

With respect to the individual defendant, defendants allege that Tom Mahlke "is a resident of the state of Georgia."  Id. at ¶ 7.  This is insufficient also.  It is the citizenship, not the residency, of an individual person that matters for diversity jurisdiction purposes. Heinen v. Northrop Grumman Corp., 671 F.3d 669 (7th Cir. 2012) (notice of removal asserting that plaintiff was "'resident' of Massachusetts and therefore a 'citizen' of that state" was insufficient for diversity jurisdiction purposes); Craig v. Ontario Corp., 543 F.3d 872, 876 (7th Cir. 2008) ("They claim to be 'residents' of Arizona—an inadequate jurisdictional claim to begin with, as we repeatedly have reminded litigants and district judges."); Meyerson v. Harrah's East Chicago Casino, 299 F .3d 616, 617 (7th Cir. 2002) ("[R]esidence and citizenship are not synonyms and it is the latter that matters for purposes of diversity jurisdiction.").  An individual is a citizen of the state in which he is domiciled, that is, where he has a "permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom."  Dakuras v. Edwards, 312 F.3d 256, 258 (7th Cir. 2002).  Defendants must provide evidence of Mahlke's domicile.

2

As the proponents of federal jurisdiction, it is defendants' burden to show that the parties are citizens of different states and that more than $75,000 is in controversy.  <u>Smart v. Local 702 International Brother of Electrical Workers</u>, 562 F.3d 798, 802-03 (7th Cir. 2009).  Accordingly, I will give defendants an opportunity to file supplemental materials that establish the parties' citizenship.  28 U.S.C. § 1653 (defective jurisdictional allegations may be cured).

ORDER

IT IS ORDERED that defendants Gila Brew Co., LLC and Tom Mahlke may have until April 5, 2013, in which to file supplemental materials showing that subject matter jurisdiction is present under 28 U.S.C. § 1332.  Failure to do so will result in remand of this case for lack of subject matter jurisdiction.

Entered this 22d day of March, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

3